[Civ. No. 45660. Second Dist., Div. Five. June 23, 1975.]

S.E.P. ASSOCIATES, INC., Plaintiff and Respondent, v.
GEORGE PETO et al., Defendants and Appellants.

**COUNSEL**

Covington & Crowe, Robert E. Dougherty and Robert F. Schauer for Defendants and Appellants.

Xanthos, Carloni & Pellegrino and August G. Carloni for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—Defendants and appellants George and Connie Peto (Petos) appeal from a judgment entered pursuant to a written stipulation in an action on a promissory note.

Plaintiff and respondent S.E.P. Associates, Inc. brought an action against appellants to enforce the collection of a promissory note dated May 12, 1972. Respondent also alleged a security interest in an Arabian horse owned by appellants. On September 19, 1973, just prior to trial, defendants' counsel announced to the court that a settlement had been

reached and requested a stipulated judgment. Thereafter, a stipulation for judgment was signed by counsel for both parties and filed with the court on October 4, 1973, the substance of which is as follows:

"Plaintiff and defendants shall have six months to sell the horse known as ROYAL COUMAR. If said horse is sold within six months from September 19, 1973, plaintiff shall receive the first $7,000 of the proceeds from the sale of said horse, plus one-half of any excess over and above $7,000, and defendants shall receive one-half of any excess over and above $7,000.

"If said horse is not sold on or before March 19, 1974, plaintiff shall have judgment for the sum of $7,000, plus interest at the rate of 7% per annum from September 19, 1973.

"Defendants may remove the horse from its present location and take same to horse shows for the purpose of sale, but defendants shall notify plaintiff's agent prior thereto.

"Upon the sale of said horse for a net minimum amount of $7,000 or more, the proceeds thereof shall be paid to either the attorneys for plaintiff or the attorneys for defendants' trust fund account for distribution by either of said firm of attorneys pursuant to the above stipulation."

Without any further proceedings, judgment was entered on April 15, 1974. Respondents then levied execution upon appellants and the Sheriff of Los Angeles County sold three horses belonging to appellants, including the horse named in the stipulation for judgment.

Appellants' motion to vacate and set aside the judgment, to quash writ of execution, and to vacate and set aside levy of execution was denied July 26, 1974.

Relying upon *Rooney v. Vermont Investment Corp.*, 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297], appellants contend that the judgment is void because they did not waive the right to be heard in opposition to its entry, were given no notice of the hearing and were not afforded an opportunity to be heard.

In *Rooney,* the parties and their attorneys had entered into a stipulation which was drafted in a form suitable for filing and which prescribed a procedure for entry of a judgment. However, it left open for

subsequent determination both the amount of the contemplated judgment and the occurrence of prerequisites for its entry; that is, default in payment and the giving of notice of such default. There was no express waiver of the right to a hearing. The court held that since the stipulation did not set out all the essential terms of the judgment and did not authorize entry thereof upon plaintiff's ex parte application without any notice of hearing, the judgment was void. Defendants had the right to have all matter not covered by the stipulation resolved in an adversary fact finding proceeding.

In the present case, the parties agreed to a judgment of $7,000 *if* the horse known as Royal Coumar was not sold before March 19, 1973, on the terms set forth in the stipulation. As in *Rooney,* the stipulation left open for subsequent determination the occurrence of a condition which was a prerequisite to the entry of judgment, that is, failure of the parties to sell the subject horse on the terms and within the time prescribed therein. Thus, before entering judgment, the court must satisfy itself that the condition did, in fact, occur, and it is necessary that the court be fully apprised of the circumstances surrounding the occurrence of the condition. This it cannot do without some form of hearing or trial. Appellants argue that had they been given notice of the hearing on respondent's application for judgment, they would have appeared and opposed the application on the ground that the sale of the subject horse was prevented by certain actions of respondent. The stipulation contains no express waiver of the right to a hearing and "in the absence of explicit language a waiver may not be implied." (*Rooney* v. *Vermont Investment Corp., supra,* at p. 370.) Thus, appellants should be afforded an opportunity to present evidence at a hearing on such issue before the entry of judgment.

The judgment is reversed.

Kaus, P. J., and Stephens, J., concurred.